WILFRED FRAZER, PETITIONER-APPELLANT, v. MARTINSVILLE ENGINE COMPANY, NO. 1, RESPONDENT-APPELLEE.

Somerset County Court
Law Division

Decided November 6, 1952.

*Messrs. Margolis & Margolis (Mr. Frank Fink* appearing), attorneys for the petitioner-appellant.

*Mr. Edward E. Kuebler,* attorney for the respondent-appellee.

KALTEISSEN, J. C. C.   This is an appeal from a decision rendered in the Workmen's Compensation Division of the New Jersey Department of Labor and Industry in favor of the respondent, Martinsville Engine Company No. 1 and against the petitioner, Wilfred Frazer.

The petitioner filed a claim with the Division of Workmen's Compensation alleging that on January 17, 1950 he was employed by the respondent Martinsville Engine Company No. 1 as a volunteer fireman, and that while assisting

in the building of a fire house he injured his left hand and wrist. He alleges that the accident that he sustained arose out of and in the course of his employment. The respondent admits the injury, but says that the accident was not one covered by statute and was therefore not an accident that arose out of and in the course of his employment.

The only question involved is whether or not the petitioner was injured in the line of duty under *R. S.* 34:15–43 on January 17, 1950.

The undisputed facts show that on the day of the accident the petitioner was a member of Martinsville Engine Company No. 1 which was a volunteer fire company located at Martinsville, Somerset County, New Jersey; that on the day in question the petitioner along with other civic-minded residents, was engaged in the construction of a fire house which was to house the fire-fighting apparatus and provide for other social activities of the company. While the petitioner was measuring a beam in the cellar, a cement block or blocks on which he was standing broke, causing him to fall and injure his left hand and wrist. The testimony further indicates that the petitioner had been a member of the company for a good many years and, as a matter of fact, served as its chief at one time.

As a matter of history, in connection with the coverage of volunteer firemen, it might be noted that when the Compensation Act was originally put into effect in 1911, no provision was made for compensation to state, county, municipal or other governmental body employees. Later, in 1913, a supplement was passed to provide for compensation to be paid to public officers, at which time no specific reference was made to volunteer firemen. In 1927 the Legislature amended the 1913 act to include volunteer firemen doing public fire duty, and then in 1931 a further supplement was passed providing protection for those volunteer firemen who may be injured in line of duty.

In construing the Workmen's Compensation Act, the court must be guided by the clear intention of the Legis-

lature as expressed by the words and definitions used therein. The words, "in line of duty," can apply only to an injury that occurred within the restricted circumstances which alone give rise to the right of a petitioner under the act, not generally, but only while actually engaged as a fireman or while performing any other duties of such company in cases of emergency, sometimes other than fire, where lives or property are in danger. *McAnney v. Galloway Township,* 120 *N. J. L.* 311 (*Sup. Ct.* 1938). To hold otherwise would be going beyond those contemplated by the Workmen's Compensation Act.

■ At the time of petitioner's injury he was engaged in a most worthy public enterprise, but was certainly not engaged in an act contemplated by the statute which specified "in the line of duty." He was voluntarily engaged with others not members of the department in rendering a gratuitous service, assisting in the building of a fire house that would be used not only to house the fire equipment, but to be used for the social life of the company as well. All of those who participated in this project are to be commended for their public spirit which they evidenced by their participation in the project. However, it cannot be seriously argued that the citizens who were not members of the volunteer fire company were protected by the Workmen's Compensation Act, and the petitioner and other members of the department in the absence of statutory enactment were in the same status as those who were helping, but who were not members of the department.

A further indication of the intent of the Legislature to enlarge "who may be injured in line of duty" insofar as the acts of volunteer firemen are concerned, is evidenced by an amendment to *R. S.* 34:15–43 by an act passed in 1951. This Act defines those "who may be injured in line of duty" to include active volunteer firemen participating in any "authorized public showing, exhibit or parade." This is a further indication of the necessity of giving a strict interpretation to the terms of the Workmen's Compensation Act.

As further evidence of the petitioner's act not being in the line of duty, it is noted that the volunteer firemen of the Martinsville Engine Company No. 1 receive credits or points for services rendered while actually engaged in the duties of a volunteer fireman, for attended fires and drills. The fact that no points were given for the petitioner's assistance in the building of the fire house indicates that even the firemen themselves recognize that they were not performing duties contemplated even by the company, for which they would receive credit. It is most unfortunate that the statute did not protect him for any injury sustained under the circumstances. The court recognizes that the Workmen's Compensation Act is social legislation and should be construed liberally, *Granahan v. Celanese Corporation of America*, 3 *N. J.* 187 (1949), but however the court might be inclined to assist one in this situation, the most liberal construction cannot include the petitioner as a beneficiary under its terms.

The court has carefully considered all of the cases cited by the petitioner, but finds it impossible to reach any favorable conclusion to sustain him. The burden of proof is on the petitioner to prove that he sustained an accident arising out of and in the course of his employment as provided by *R. S.* 34:15–43. This he has failed to do, it being the court's opinion that neither *R. S.* 34:15–43 nor any of its amendments or supplements cover the case presented by the petitioner.

Independent of the finding of the deputy commissioner it is this court's opinion that the judgment of the Bureau was justified and is correct. The court therefore affirms the finding of the deputy commissioner and the judgment of the Bureau will be affirmed.